UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KHALID A. ISMAIL,

                Plaintiff,

-against-

CONEY ISLAND HOSPITAL,

                Defendant.
------------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM &
ORDER
09-CV-2229 (CBA)(LB)

AMON, United States District Judge:

        Plaintiff Khalid A. Ismail ("Ismail") brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1997 ("ADEA"). Ismail claims that he was discriminated against on the basis of his race, color, religion and age when defendant Coney Island Hospital (the "Hospital") failed to hire him for the position of Housekeeping Supervisor. The Hospital moved to dismiss Ismail's complaint pursuant to Rule 12(b)(6) and Rule 8(a) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Hospital's motion is granted.

**I.    Facts**

        Ismail alleges that, on or about November 1, 2007, he submitted an application for employment at the Hospital for the position of "Housekeeping Supervisor". (Compl. ¶ 8). On February 5, 2008, Ismail visited the Hospital's Human Resources ("HR") office and was informed that the position was still vacant and that "the application was referred to environmental protection". (Id.) He returned to the office on February 12, 2008, and was informed that the position had been filled. (Id.) Ismail then proceeded to the "Environmental office" and knocked on the door. (Id.) There he saw "a man" with whom he discussed his employment application. The man, not otherwise identified or described in the Complaint, asked "what position did you

1

apply for?" (Id.) Ismail stated he applied for the "Housekeeping Supervisor" position and the man replied, "[A] supervisor like me?" and then "he started smiling." (Id.) Ismail allegedly told the man, "why not," and told the unidentified man "you have issues." (Id.) Ismail went back downstairs to the Human Resources office and informed them that "they would hear from [his] lawyer".

Ismail thereafter filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"). The complaint was dismissed and Ismail was issued a Dismissal and Notice of Rights, also known as a right to sue letter, on February 20, 2009, which stated that "[t]he EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." (Compl. at Attachment). On May 22, 2009, Ismail commenced this action by filing a complaint with the Pro Se Office.[1]

## II. Discussion

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As a general matter, this means that the Complaint must "'give the defendant fair notice of what . . . the claim is and the

---

[1] Ismail never filed a response to the Hospital's motion to dismiss. On September 10, 2009, Ismail wrote to Magistrate Judge Lois Bloom seeking an extension of time to answer the motion and asking for the Court's assistance in obtaining pro bono legal counsel. Magistrate Judge Bloom denied Ismail's request for pro bono counsel, without prejudice, on September 16, 2009, and granted Ismail an extension until October 16, 2009 to respond to the Hospital's motion. No response was submitted.

Local Civil Rule 7.1(a) provides that "all motions and all oppositions thereto shall be supported by a memorandum of law . . . : [and] [w]illful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default." See, e.g., Vargas v. Boston Chicken Co., 269 F. Supp.2d 92, 98 (E.D.N.Y. 2003) (granting plaintiff's motion to dismiss defendant's cross claims for its failure to submit opposition papers). It is well settled that the "[f]ailure to file a memorandum of law in opposition to the opposing party's motion is, by itself, a sufficient basis to grant the motion." Employers Ins. Co. of Wausau v. Skinner, No. CV-07-735 (JS)(AKT), 2008 WL 4283346 at *4 (E.D.N.Y. Sept. 17, 2008) (quoting Kamara v. United States, No. 04 Civ. 626 (THK), 2005 WL 2298176 at *1 (S.D.N.Y. Sept. 20, 2005)). Nonetheless, in light of Ismail's pro se status, the Court exercises its discretion to evaluate plaintiff's claims on the merits. See Holtz v. Rockefeller & Co., Inc., 258 F.3d 62 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.")

grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); Ashcroft v Iqbal, ___ U.S. ___, 129 S.C.t 1937, 1952 (2009) (extending the pleading standard announced in Twombly to "all civil actions"). Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed "for failure of the pleading to state a claim upon which relief can be granted." On such a motion, the court assumes the truth of all the facts asserted in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 154 (2d Cir. 2006). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v Iqbal, ___ U.S. ___, 129 S.C.t 1937, 1949 (2009).

In order to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, if a plaintiff does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Id.; see also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009). Stated differently, to state a plausible claim for relief, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555; see also ATSI Commc'ns Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

Because the plaintiff here proceeds pro se, the Court "must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." Weixel v. Bd. of Educ. of the City of N.Y., 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)) (alterations in original). A pro se litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Finally, the Supreme Court's recent 12(b)(6) jurisprudence in Twombly and Iqbal

has not obviated the Court's duty liberally construe a pro se complaint. See Harris v. Mills, 572 F.3d 66, 72 (2009).

After conducting a complete and liberal review of the Complaint, the Court finds that it fails to meet the level of plausibility required under Twombly and Iqbal. The facts set forth in the Complaint, all of which are contained in Paragraph 8, fail to identify any factual basis for Ismail's race, color, religion and age discrimination claims. Ismail states only that an unidentified "man" responded to his inquiry about a housekeeper supervisor position with a smile and the neutral statement "a supervisor like me?" (Compl. ¶ 8). Ismail does not identify his own race, color or religion, providing only his date of birth. (Compl. ¶ 7). Ismail does not identify any discriminatory action taken against him, except to say in conclusory terms that he "was denied the right to be gainfully employed at a New York City HHC establishment." (Compl. ¶ 8). No such right to employment exists.

Ismail's complaint alleges that "[a] thorough investigation will show that Coney Island Hospital does not hire persons of color or Muslim descent. They have a descernable [sic] pattern and practice of hiring which excludes persons based on age, race and religion." (Id.) However, neither the Complaint nor its attachment contain any factual allegations that would support this conclusion. The Complaint sets forth no facts that suggest that any Hospital employee said or did anything from which an inference of discrimination against Ismail could be drawn. Nor does Ismail set forth any facts that suggest discriminatory motive or animus against Ismail based on his race, color, religion or age. Ismail's legal conclusions, presented without any factual support, need not be accepted as true on a motion to dismiss. Iqbal, 129 S.Ct. at 1949. In any event, even if all of Ismail's factual allegations were true, the Complaint does not state a claim for employment discrimination based on race, color, religion or age. He does not identify the person who made

4

statements to him, and none of the allegations mention race, color, religion or age. The Complaint is simply void of any facts that give rise to an actionable claim of employment discrimination.

The Court remains cognizant, however, that pro se litigants should be given leave to amend a complaint if "a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)). Although Ismail's complaint is highly deficient in factual support, it remains theoretically possible that Ismail could make out a claim sufficient to survive a motion dismiss were he to provide further factual support. Accordingly, the complaint is dismissed without prejudice. Should Ismail intend to file an amended complaint providing further factual support for his claims, he must do so within thirty days of this Order.

The Clerk of the Court is directed to enter judgment in accordance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
March 29, 2010

s/Hon. Carol B. Amon
Carol Bagley Amon
United States District Judge